1  TRINETTE G. KENT (State Bar No. 222020)
2  KENT LAW OFFICES
   10645 North Tatum Blvd., Suite 200-192
3  Phoenix, AZ 85028
4  Telephone:  (480) 247-9644
   Facsimile:  (480) 717-4781
5  E-mail: tkent@kentlawpc.com

6
7  *Attorneys for Plaintiff,*
   *Christopher Kastigar*

8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
                    WESTERN DIVISION
11

| | |
|---|---|
| Christopher Kastigar, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, E-Trade Financial Corporation, a Delaware corporation, Citibank, N.A., a foreign corporation, Ally Financial, Inc., f/k/a GMAC, a Delaware corporation, and Webbank, a foreign corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, CHRISTOPHER KASTIGAR, BY AND

THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the

Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

   Reporting Act (15 U.S.C. §1681 et seq. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the

   City of El Segundo, Los Angeles County, California.

4. Venue is proper in the Central District of California, Western Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc., ("Experian"), which is an Ohio

      company that maintains a registered agent in Los Angeles County,

      California;

   b. E-Trade Financial Corporation ("E-Trade"), which is a Delaware

      corporation that maintains a registered agent in Sacramento County,

      California;

c. Citibank, N.A. ("Citibank"), which is a foreign corporation and, upon information and belief, maintains offices in Maryland;

d. Ally Financial, Inc., formerly known as GMAC ("GMAC"), which is a Delaware corporation that maintains its registered agent in Los Angeles, California; and

e. Webbank ("Webbank"), which is a foreign corporation and, upon information and belief, maintains offices in Utah.

## **GENERAL ALLEGATIONS**

6. Defendants E*Trade, Citibank, GMAC, and Webbank have misreported their respective trade lines on Plaintiff's Experian credit file with recent "charged-off" language.  The last time that Plaintiff made any payment on the following trade lines ("Errant Trade Lines") was in 2008.  These Errant Trade Lines are as follows:

a. E*Trade, Account Number: 790379400046….;

b. Home Depot/Citibank, Account Number: 603532026615….;

c. GMAC, Account Number: 06190620….;

d. Webbank/DFS, Account Number: 687945012903837….; and

e. Citi Cards/Citibank, Account Number: 546616010122….

7. Sometime around May of 2014, Mr. Kastigar obtained his Experian credit file and noticed that E*Trade, Citibank, GMAC, and Webbank were inaccurately reporting recent "charged-off " language on each Errant Trade Line.

8.  At this time in May of 2014, Mr. Kastigar submitted a letter to Experian, disputing the recent "charged-off" language on the Errant Trade Lines.

9. Upon information and belief, Defendant Experian transmitted Mr. Kastigar's consumer dispute to E*Trade, Citibank, GMAC, and Webbank.

10. In June of 2014, Mr. Kastigar received Experian's investigation results, which showed that the Errant Trade Lines were recently charged off.

11. In June of 2014, Mr. Kastigar submitted another letter to Experian, disputing the Errant Trade Lines.

12. Upon information and belief, Defendant Experian transmitted Mr. Kastigar's consumer dispute to E*Trade, Citibank, GMAC, and Webbank.

13. In August of 2014, Mr. Kastigar received Experian's investigation results, which again showed the Errant Trade Lines were recently charged off.

14. In November of 2014, Mr. Kastigar submitted a third letter to Experian, disputing the Errant Trade Lines.

15. Upon information and belief, Defendant Experian transmitted Mr. Kastigar's consumer dispute to E*Trade, Citibank, GMAC, and Webbank.

16. On or about December 29, 2014, Mr. Kastigar received Experian's reinvestigation results, which showed that E*Trade, Citibank, GMAC, and Webbank continued to report the Errant Trade Lines with recent "charged-off" language.

17. On or about January 29, 2015, Mr. Kastigar submitted a fourth letter to Experian, disputing the recent "charged-off" language on the Errant Trade Lines.

18. Upon information and belief, Defendant Experian transmitted Mr. Kastigar's consumer dispute to E*Trade, Citibank, GMAC, and Webbank.

19. On or about February 12, 2015, Mr. Kastigar submitted a fifth letter to Experian, disputing the recent "charged-off" language on the Errant Trade Lines.

20. Upon information and belief, Defendant Experian transmitted Mr. Kastigar's consumer dispute to E*Trade, Citibank, GMAC, and Webbank.

21. On or about February 26, 2015, Mr. Kastigar received Experian's reinvestigation results, which showed that the Errant Trade Lines were charged-off several years after Mr. Kastigar's last payment in 2008.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>COUNT I</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY E-TRADE

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Experian of Mr. Kastigar's consumer disputes to the Errant Trade Line, E-Trade negligently failed to conduct a proper reinvestigation of Mr. Kastigar's disputes as required by 15 USC 1681s-2(b).

24. E-Trade negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the recent "charged-off" language from the Errant Trade Line.

25. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Kastigar's consumer credit file with Experian to which it is reporting such trade line.

26. As a direct and proximate cause of E-Trade's negligent failure to perform its duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. E-Trade is liable to Mr. Kastigar by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Mr. Kastigar has a private right of action to assert claims against E-Trade arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against E-Trade for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY E-TRADE

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Experian that Mr. Kastigar disputed the accuracy of the information it was providing, E-Trade willfully failed to conduct a proper reinvestigation of Mr. Kastigar's dispute.

31. E-Trade willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

32. As a direct and proximate cause of E-Trade's willful failure to perform its respective duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. E-Trade is liable to Mr. Kastigar for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against E-Trade for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Experian of Mr. Kastigar's consumer disputes to the Errant Trade Line, Citibank negligently failed to conduct a proper reinvestigation of Mr. Kastigar's disputes as required by 15 USC 1681s-2(b).

36. Citibank negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the recent "charged-off" language on both Errant Trade Lines.

37. The Errant Trade Lines are inaccurate and create a misleading impression on Mr. Kastigar's consumer credit file with Experian to which it is reporting such trade line.

38. As a direct and proximate cause of Citibank's negligent failure to perform its duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. Citibank is liable to Mr. Kastigar by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

40. Mr. Kastigar has a private right of action to assert claims against Citibank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Citibank for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Experian that Mr. Kastigar disputed the accuracy of the information it was providing, Citibank willfully failed to conduct a proper reinvestigation of Mr. Kastigar's dispute.

43. Citibank willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

9

44. As a direct and proximate cause of Citibank's willful failure to perform its respective duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. Citibank is liable to Mr. Kastigar for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Citibank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GMAC

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. After being informed by Experian of Mr. Kastigar's consumer disputes to the Errant Trade Line, GMAC negligently failed to conduct a proper reinvestigation of Mr. Kastigar's disputes as required by 15 USC 1681s-2(b).

48. GMAC negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the recent "charged-off" language on the Errant Trade Line.

49. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Kastigar's consumer credit file with Experian to which it is reporting such trade line.

50. As a direct and proximate cause of GMAC's negligent failure to perform its duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. GMAC is liable to Mr. Kastigar by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

52. Mr. Kastigar has a private right of action to assert claims against GMAC arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against GMAC for damages, costs, interest, and attorneys' fees.

## <u>COUNT VI</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GMAC

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. After being informed by Experian that Mr. Kastigar disputed the accuracy of the information it was providing, GMAC willfully failed to conduct a proper reinvestigation of Mr. Kastigar's dispute.

55. GMAC willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

56. As a direct and proximate cause of GMAC's willful failure to perform its respective duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

57. GMAC is liable to Mr. Kastigar for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against GMAC for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. After being informed by Experian of Mr. Kastigar's consumer disputes to the Errant Trade Line, Webbank negligently failed to conduct a proper reinvestigation of Mr. Kastigar's disputes as required by 15 USC 1681s-2(b).

60. Webbank negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the recent "charged-off" language from the Errant Trade Line.

61. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Kastigar's consumer credit file with Experian to which it is reporting such trade line.

62. As a direct and proximate cause of Webbank's negligent failure to perform its duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

63. Webbank is liable to Mr. Kastigar by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

64. Mr. Kastigar has a private right of action to assert claims against Webbank arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Webbank for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. After being informed by Experian that Mr. Kastigar disputed the accuracy of the information it was providing, Webbank willfully failed to conduct a proper reinvestigation of Mr. Kastigar's dispute.

67. Webbank willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

68. As a direct and proximate cause of Webbank's willful failure to perform its respective duties under the FCRA, Mr. Kastigar has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

69. Webbank is liable to Mr. Kastigar for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages

14

in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment

against Webbank for the greater of statutory or actual damages, plus punitive

damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. Defendant Experian prepared, compiled, issued, assembled, transferred,

published, and otherwise reproduced consumer reports regarding Mr. Kastigar

as that term is defined in 15 USC 1681a.

72. Such reports contained information about Mr. Kastigar that was false,

misleading, and inaccurate.

73. Experian negligently failed to maintain and/or follow reasonable procedures to

assure maximum possible accuracy of the information it  reported to one or

more third parties pertaining to Mr. Kastigar, in violation of 15 USC 1681e(b).

74. After receiving Mr. Kastigar's consumer disputes to the Errant Trade Lines,

Experian negligently failed to conduct a reasonable reinvestigation as required

by 15 U.S.C. 1681i.

75. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Kastigar has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

76. Experian is liable to Mr. Kastigar by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

77. Plaintiff realleges the above paragraphs as if recited verbatim.

78. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Kastigar as that term is defined in 15 USC 1681a.

79. Such reports contained information about Mr. Kastigar that was false, misleading, and inaccurate.

80. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Kastigar, in violation of 15 USC 1681e(b).

81. After receiving Mr. Kastigar's consumer disputes to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

82. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Kastigar has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

83. Experian is liable to Mr. Kastigar by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a trial by Jury.

DATED: May 13, 2015                    KENT LAW OFFICES

By:___ /s/  Trinette G. Kent_____
Trinette G. Kent
Attorneys for Plaintiff,
Christopher Kastigar

17