ADAM A. HUTCHINSON (State Bar No. 190992)
aah@severson.com
GREGORY E. EISNER (State Bar No. 190135)
gee@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
ALLY FINANCIAL INC., f/k/a GMAC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| Christopher Kastigar,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Experian Information Solutions, Inc., an Ohio corporation, E-Trade Financial Corporation, a Delaware corporation, Citibank, N.A., a foreign corporation, Ally Financial, Inc., f/k/a GMAC, a Delaware corporation, and Webbank, a foreign corporation,<br><br>　　　　Defendants. | Case No. 2:15-cv-03630 JFW (PJWx)<br><br>Hon. John F. Walter<br>Ctrm. 16 – Spring Street<br><br>**ALLY FINANCIAL INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:  May 14, 2015<br>Trial Date:  None Set |

　　　　COMES NOW, Defendant ALLY FINANCIAL INC. formerly known as GMAC (hereinafter "Ally"), answering the Complaint (hereinafter the "Complaint") of CHRISTOPHER KASTIGAR (hereinafter "Plaintiff"), admits, denies and alleges as follows:

**JURISDICTION**

1.      The allegations in Paragraph 1 contain only legal conclusions and thus Ally is not required to admit or deny said allegations.  To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and on that basis, denies such allegations.

2.      The allegations in Paragraph 2 contain only legal conclusions and characterizations of Plaintiff's claims and thus Ally is not required to admit or deny said allegations.  To the extent a response is required, except as expressly admitted, Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint, and on that basis, denies such allegations.

**VENUE**

3.      Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and on that basis, denies such allegations.

4.      The allegations in Paragraph 4 contain only legal conclusions and thus Ally is not required to admit or deny said allegations.  To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis, denies such allegations.

**PARTIES**

5.      The allegations in Paragraph 5 contain only characterizations of Plaintiff's claims and thus Ally is not required to admit or deny said allegations.  To the extent a response is required, except as expressly admitted, Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint, and on that basis, denies such allegations.

## GENERAL ALLEGATIONS

6.       Ally denies the allegations in Paragraph 6 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, denies such allegations.

7.       Ally denies the allegations in Paragraph 7 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint, and on that basis, denies such allegations.

8.       Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and on that basis, denies such allegations.

9.       Ally denies the allegations in Paragraph 9 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint, and on that basis, denies such allegations.

10.      Ally denies the allegations in Paragraph 10 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint, and on that basis, denies such allegations.

11.      Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and on that basis, denies such allegations.

12.      Ally denies the allegations in Paragraph 12 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint, and on that basis, denies such allegations.

13.     Ally denies the allegations in Paragraph 13 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint, and on that basis, denies such allegations.

14.     Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and on that basis, denies such allegations.

15.     Ally denies the allegations in Paragraph 15 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, and on that basis, denies such allegations.

16.     Ally denies the allegations in Paragraph 16 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint, and on that basis, denies such allegations.

17.     Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and on that basis, denies such allegations.

18.     Ally denies the allegations in Paragraph 18 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint, and on that basis, denies such allegations.

19.     Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and on that basis, denies such allegations.

20.     Ally denies the allegations in Paragraph 20 to the extent they relate to Ally.  Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint, and on that basis, denies such allegations.

21.     Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and on that basis, denies such allegations.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY E-TRADE

22.     Answering Paragraph 22 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 21 previously alleged herein.

23 - 28.     The allegations in Paragraphs 23 through 28, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 23 through 28, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY E-TRADE

29.     Answering Paragraph 29 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 28 previously alleged herein.

5

30 - 33.     The allegations in Paragraphs 30 through 33, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 30 through 33, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK

34.     Answering Paragraph 34 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 33 previously alleged herein.

35 - 40.     The allegations in Paragraphs 35 through 40, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 35 through 40, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIBANK

41.     Answering Paragraph 41 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 40 previously alleged herein.

42 - 45.    The allegations in Paragraphs 42 through 45, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 42 through 45, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GMAC

46.    Answering Paragraph 46 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 45 previously alleged herein.

47.    Ally denies the allegations contained in Paragraph 47.

48.    Ally denies the allegations contained in Paragraph 48.

49.    Ally denies the allegations contained in Paragraph 49.

50.    Ally denies the allegations contained in Paragraph 50.

51.    Ally denies the allegations contained in Paragraph 51.

52.    Paragraph 52 contains only a recitation of certain federal statutes and/or their purported legal effect, to which no response is required.  To the extent a response is required, Ally denies the allegations in contained in Paragraph 52.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GMAC

53.    Answering Paragraph 53 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 52 previously alleged herein.

54.    Ally denies the allegations contained in Paragraph 54.

55.    Ally denies the allegations contained in Paragraph 55.

56.    Ally denies the allegations contained in Paragraph 56.

57.    Ally denies the allegations contained in Paragraph 57.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

58.    Answering Paragraph 58 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 57 previously alleged herein.

59 - 64.    The allegations in Paragraphs 59 through 64, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 59 through 64, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

65.    Answering Paragraph 65 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 64 previously alleged herein.

66 - 69.    The allegations in Paragraphs 66 through 69, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 66 through 69, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

ALLY FINANCIAL INC'S ANSWER TO COMPLAINT

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

70.     Answering Paragraph 70 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 69 previously alleged herein.

71 - 76.     The allegations in Paragraphs 71 through 76, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 71 through 76, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

## COUNT X

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

77.     Answering Paragraph 77 of Plaintiff's Complaint, Ally adopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1 through 76 previously alleged herein.

78 - 83.     The allegations in Paragraphs 78 through 83, inclusive, are directed to parties other than Ally.  A response by Ally to such allegations is not required.   To the extent a response is required, Ally is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 78 through 83, inclusive, of Plaintiff's Complaint, and on that basis, denies such allegations.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Equitable Defenses)

84.     Plaintiff waived and is estopped from seeking the recovery prayed for in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

85.     Plaintiff's claims in the Complaint are barred, in whole or in part, by virtue of his own conduct, actions or inactions under the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

86.     Plaintiff's Complaint is barred in whole or part because of plaintiff's failure to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

87.     Any injury or damage sustained by plaintiff was the result of plaintiff's own intentional, negligent or otherwise culpable wrongdoing, and any claim against Ally should be reduced in proportion to the fault of the plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

88.     Any injury or damage to plaintiff was a result of the intentional, negligent or otherwise wrongful acts of third parties, and any claims against Ally should be reduced in proportion to the faults of those third parties.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim/Exemplary Damages)

89.     The Complaint fails to state facts sufficient to constitute a cause of action for recovery of punitive or exemplary damages.

1

2

## SEVENTH AFFIRMATIVE DEFENSE

## (Procedural Due Process)

3    90.    The Complaint, to the extent that it seeks punitive or exemplary

4  damages, violates the rights of Ally to procedural due process under the Fourteenth

5  Amendment to the United States Constitution, and under the Constitution of the

6  State of California, and therefore fails to state facts sufficient to constitute a cause of

7  action upon which punitive or exemplary damages may be awarded.

8

9

## EIGHTH AFFIRMATIVE DEFENSE

## (Protection Against Excessive Fines)

10    91.    The Complaint, to the extent that it seeks punitive or exemplary

11  damages violates the rights of Ally to protection from "excessive fines" as provided

12  in the Eighth Amendment to the United States Constitution, and in Article 1, Section

13  17 of the Constitution of the State of California, and violates the rights of ALLY to

14  substantive due process as provided in the Fifth and Fourteenth Amendments of the

15  United States Constitution and in the California Constitution, and therefore fails to

16  state facts sufficient to constitute a cause of action upon which punitive or

17  exemplary damages may be awarded.

18

19

## NINTH AFFIRMATIVE DEFENSE

## (Pre-Emption)

20    92.    Plaintiff's claims, to the extent based on state law, are barred in whole

21  or in part by the Fair Credit Reporting Act.  (15 U.S.C. § 1681 *et. seq.*)

22

23

## TENTH AFFIRMATIVE DEFENSE

## (Absence of Standing)

24    93.    Plaintiff's claim is barred to the extent he has no standing to pursue the

25  claims alleged.

26

27

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Follow FCRA Procedure)

94.    Plaintiff's claim is barred in whole or part by plaintiff's failure to follow the procedures under the FCRA, which requires notice of a dispute as to the accuracy or completeness of information contained in a consumer's file. (15 U.S.C. § 1681i(a)(1)(A).)  Therefore, plaintiff is not entitled to any relief whatsoever and further have no private cause of action against Ally.

## TWELFTH AFFIRMATIVE DEFENSE

### (Compliance with Statute – Frivolous Dispute)

95.    Plaintiff's claim is barred to the extent his dispute is frivolous.  (15 USC § 1681i(a)(3).)

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Statute – Reasonable Investigation)

96.    Plaintiff's claim is barred because Ally made a reasonable investigation of the information supplied by the Credit Reporting Agencies.  (15 U.S.C. § 1681s-2(b).)

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Complete and Accurate Information Reported)

97.    Plaintiff's Complaint claim is barred because the information furnished by Ally was complete and accurate.  (15 U.S.C. § 1681s-2(a).)

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

98.    Plaintiff's Complaint is precluded because Plaintiff's injuries, if any exist, resulted from a bona fide error, notwithstanding the maintenance of reasonable procedures adapted to avoid such error.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Justification or Privilege)

99.     Plaintiff's Complaint and each claim therein is barred because Ally's conduct was privileged or justified, and Ally acted with an absence of malice.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

100.   Plaintiff's Complaint and each claim therein is barred under the applicable statute of limitations, including but not limited to 15 U.S.C. § 1681p.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

101.   The Complaint is barred by reason of the provisions of sections 1521 et seq. of the California Civil Code concerning accord and satisfaction and any relevant Settlement Agreements.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

102.   The Complaint is barred by the doctrines of res judicata and/or collateral estoppel in that, inter alia, Plaintiff has already sued and reduced to judgment the same claims and damages alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

103.   The Complaint does not describe the claims against Ally with sufficient particularity and certainty to enable Ally to determine what defenses may exist. Ally reserves the right to assert all defenses that may be pertinent to or arise from Plaintiff's claims against when their precise nature is ascertained.

## DEMAND FOR JURY TRIAL

Ally demands trial by jury.

WHEREFORE, Ally prays as follows:

1.    That Plaintiff take nothing by reason of the Complaint, and that judgment be rendered in favor of Ally;

2.    That Ally be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

3.    For such further relief as the Court deems proper.

DATED:  July 24, 2015              SEVERSON & WERSON
                                   A Professional Corporation


                                   By:  _____/s/ Gregory E. Eisner_____
                                            Gregory E. Eisner

                                   Attorneys for Defendant ALLY FINANCIAL
                                   INC., f/k/a GMAC